**04-1021C**
**(Chief Judge Damich)**

---

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

---

**C.H. ROBINSON INTERNATIONAL,**

**Plaintiff,**

**v.**

**THE UNITED STATES,**

**Defendant.**

---

# DEFENDANT'S MOTION TO DISMISS AND APPENDIX

---

**PETER D. KEISLER**
**Assistant Attorney General**

**DAVID M. COHEN**
**Director**

**PATRICIA M. McCARTHY**
**Assistant Director**

**NANCY M. KIM**
**Trial Attorney**
**Commercial Litigation Branch**
**Civil Division**
**U.S. Department of Justice**
**1100 L Street, N.W.**
**Washington DC 20530**
**(202) 307-0361**

**Attorneys for Defendant**

**OF COUNSEL:**

**Andrew S. Kosegi**
**Customs And Border Protection**
**Department of Homeland Security**

**October 6, 2004**

**TABLE OF CONTENTS**

INDEX TO APPENDIX . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

MOTION TO DISMISS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I. Nature Of The Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. Statutory And Regulatory Framework . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III. Statement Of The Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT

I. This Court Lacks Subject Matter Jurisdiction To Entertain C.H. Robinson's Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

A. Legal Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

B. The Court Of International Trade Would Possess Exclusive Jurisdiction To Entertain This Action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

II. C.H. Robinson Has Failed To State A Claim Upon Which Relief Can Be Granted Because C.H. Robinson Has Waived Its Right To Judicial Review . . . 12

A. Legal Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

B. Payment Of A Mitigated Amount Constituted Accord And Satisfaction 12

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

APPENDIX

# INDEX TO APPENDIX


Customs forms 7512 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Customs bond . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Notices of liquidated damages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Letter from C.H. Robinson petitioning for relief dated June 3, 2002 . . . . . . . . . . . . . . . . . . . . . . 8

Letter from Customs mitigating penalty dated September 4, 2002 . . . . . . . . . . . . . . . . . . . . . . . 26

Customs review sheets calculating mitigated amount . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

Customs mitigation guidelines dated February 2004 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

Customs calculation of actual duties dated August 19, 2004 . . . . . . . . . . . . . . . . . . . . . . . . . . 34

Letter from C.H. Robinson re: supplemental petition dated September 18, 2002 . . . . . . . . . . . . 35

Letter from Customs denying supplemental petition dated November 20, 2003 . . . . . . . . . . . . . 43

Customs seized asset and case tracking system . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47

## TABLE OF AUTHORITIES

FEDERAL CASES

Alaska v. United States, 32 Fed. Cl. 689 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Booth v. United States, 990 F.2d 617 (Fed. Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . 6

Brock and Blevins Co. v. United States, 170 Ct. C 343 F.2d 951 (1965) . . . . . . . . . . . 13

Catellus Development Corp. v. United States, 31 Fed. Cl. 399 (1994) . . . . . . . . . . . . . . 6

Conley v. Gibson, 355 U.S. 41 (1957), quoted in B & F Trawlers, Inc. v. United States, 27 Fed. Cl. 299 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Conoco, Inc. v. United States, 18 F.3d 1581 (Fed. Cir. 1994) . . . . . . . . . . . . . . . . . . . 7, 8

Consolidated Bearings Co. v. United States, 348 F.3d 997 (Fed. Cir. 2003) . . . . . . . . . 8

Di Jub Leasing Corp. v. United States, 1 C.I.T. 42, 505 F. Supp. 1113 (1980) . . . . . . . . 7

Henke v. United States, 60 F.3d 795 (Fed. Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Indium Corp. of America v. Semi-Alloys, Inc., 781 F.2d 879 (Fed. Cir. 1985) . . . . . . . 6

Kinne v. United States, 21 Cl. Ct. 104, 107 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Macrotel International Corp. v. United States, 34 Fed. Cl. 98 (1995) . . . . . . . . . . . . . . 11

Marshall v. United States, 21 Cl. Ct. 497, 499 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . 12

McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178 (1936) . . . . . . . 6

O'Connor, et al., v. United States, 308 F.3d 1233 (Fed. Cir. 2002) . . . . . . . . . . . . . . . . 13

Old Republic Insurance Co. v. United States, 10 C.I.T. 589, 645 F. Supp. 943 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Orleans International Inc. v. United States, 334 F.3d 1375 (Fed. Cir. 2003) . . . . . . . 7, 8

Pacific Fung Feather Co., Ltd. v. United States, 111 F.3d 114 (Fed. Cir. 1997) . . . . . . . 8

Papasan v. Allain, 478 U.S. 265 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Reynolds v. Army & Air Force Exch. Service, 846 F.2d 746 (Fed. Cir. 1988) . . . . . . . . 6

Rochman v. United States, 27 Fed. Cl. 162 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Scheuer v. Rhodes, 416 U.S. 232 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Sharp Electronics Corp. v. United States, 13 C.I.T. 732, 720 F. Supp. 1014 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

St. Paul Fire & Marine Ins. Co. v. United States, 21 C.I.T. 953, 959-60, 1997 WL 527944 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

St. Paul Fire & Marine Insurance Co. v. United States, 959 F.2d 960 (Fed. Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Trayco, Inc. v. United States, 994 F.2d 832 (Fed. Cir. 1993) . . . . . . . . . . . . . . . . . . . . 13

United States v. Bar Bea Truck Leasing Co., 713 F.2d 1563 (Fed. Cir. 1983) . . . . . . . . 8

United States v. Newport News Shipbuilding & Dry Dock Co., 933 F.2d 996 (Fed. Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

United States v. United States Shoe Corp., 523 U.S. 360 (1998) . . . . . . . . . . . . . . . . . . 8

Washington Int'l Ins. Co. v. United States, 16 Cl. Ct. 663, 666-67, 669-70 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

FEDERAL STATUTES AND REGULATIONS

19 C.F.R. §18.8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

19 C.F.R. § 172.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

19 C.F.R. § 172.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

19 C.F.R. § 172.11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

19 C.F.R. § 172.22 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

19 C.F.R. § 172.42 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

19 U.S.C. § 1484 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

19 U.S.C. § 1553 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 9

28 U.S.C. § 1491 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 12

28 U.S.C. § 1581(i) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8

65 Fed. Reg. 53565 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| C.H. ROBINSON INTERNATIONAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1021C |
| | ) | (Chief Judge Damich) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rule 12(b) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court dismiss plaintiff's complaint for lack of subject matter jurisdiction or, alternatively, failure to state a claim upon which relief can be granted. In support of this motion, we rely upon plaintiff's complaint, the following brief, and our appendix.

**STATEMENT OF THE ISSUES**

1. Whether this Court possesses jurisdiction to entertain C.H. Robinson International's claim for refund of liquidated damages paid.

2. Whether C.H. Robinson International has failed to state a claim upon which relief can be granted because it waived its right to judicial review by paying a mitigated amount of the liquidated damages.

**STATEMENT OF THE CASE**

I. Nature Of The Case

C.H. Robinson International ("C.H. Robinson"), as the carrier of certain goods, posted a custodial bond, which allowed it to transport goods from one United States port to another

without paying duties or filing a formal entry for consumption in the United States. The United States Customs and Border Protection ("Customs") assessed liquidated damages upon C.H. Robinson for failure to demonstrate that three shipments of goods in fact had been exported. C.H. Robinson paid a mitigated amount of the liquidated damages and now seeks return of the amount paid.

II. Statutory And Regulatory Framework

Congress has provided that "[a]ny merchandise . . . may be entered for transportation in bond through the United States by a bonded carrier without appraisement or the payment of duties and exported under such regulations as the Secretary of the Treasury may prescribe . . . ." 19 U.S.C. § 1553(a). In accordance with section 1553(a), Customs has promulgated regulations governing the transportation of merchandise by a bonded carrier. See 19 C.F.R. Part 18 (regulations governing transportation in bond); Part 113 (regulations governing customs bonds); 19 C.F.R. Part 172 (regulations governing claims for liquidated damages or penalties secured by bonds).

Section 18.8 of the Code of Federal Regulations states that the "initial bonded carrier shall be responsible for shortage, irregular delivery, or nondelivery at the port of destination or exportation of bonded merchandise received by it for carriage." 19 C.F.R. § 18.8(a). Section 18.8 provides that "[c]arriers shall be liable for payment of liquidated damages under the carriers bond for any shortage, failure to deliver, or irregular delivery, as provided in such bond." 19 C.F.R. § 18.8(b). In addition to the liquidated damages, "the carrier shall pay any internal-revenue taxes, duties, or other taxes accruing to the United States on the missing merchandise, together with all costs, charges, and expenses caused by the failure to make the required

transportation, report, and delivery." 19 C.F.R. § 18.8(c).

"When there is a failure to meet the conditions of any bond posted with Customs or when a violation occurs which results in assessment of a penalty which is secured by a Customs bond, the principal [i.e. the carrier] will be notified in writing of any liability for liquidated damages or penalty incurred and a demand will be made for payment." 19 C.F.R. § 172.1(a). The principal has a right to petition for relief from payment of liquidated damages or penalty, 19 C.F.R. § 172.1(b) and 172.2, and a Customs officer may mitigate or cancel any claim for penalties or liquidated damages. 19 C.F.R. § 172.11. If the principal continues to disagree with the decision, the carrier may submit a supplemental petition. 19 C.F.R. § 172.42.

If the principal decides to pay the liquidated damages in the mitigated amount, the carrier may not seek judicial review of the assessment of liquidated damages. 19 C.F.R. § 172.22. "Any decision to remit or mitigate a penalty or cancel a claim for liquidated damages upon payment of a lesser amount is not a protestable decision as defined under the provisions of 19 U.S.C. § 1514." 19 C.F.R. § 172.22(a). "Payment of a mitigated or cancellation amount in compliance with an administrative decision on a petition or supplemental petition for relief will be considered an election of administrative proceedings and full disposition of the case." 19 U.S.C. § 172.22(b). "Payment of a mitigated or cancellation amount will act as an accord or satisfaction of the Government claim." 19 C.F.R. § 172.22(b).

## III. Statement Of The Facts

In late December 2001, C.H. Robinson, as the carrier of bonded merchandise, took custody of several thousand containers of garments in three shipments at the port of Los Angeles, California, to be transported to Laredo, Texas, for final exportation to Mexico. App. at 1-3.

C.H. Robinson had posted a custodial bond in the amount of $25,000 in March 1999, which was continuously renewed every March thereafter until it was terminated in May 2002. App. at 4. The bond was in effect at the time C.H. Robinson transported the goods at issue.

On April 1, 2002, Customs issued three notices of liquidated damages to C.H. Robinson each in the full bond amount of $25,000. App. at 5-7. The notices stated that Customs's investigation revealed that the "pedimentos" or Mexican importation documents presented as proof of exportation were false, and that this constituted a violation of 19 C.F.R. §18.8, which states that "[t]he initial bonded carrier shall be responsible for shortage, irregular delivery, or nondelivery at the port of destination or exportation of bonded merchandise received by it for carriage." Id.

On June 3, 2002, C.H. Robinson filed a petition requesting relief from the liquidated damages assessed. App. at 8-25. C.H. Robinson attached documents to its petition purporting to show that it exported the merchandise at issue. Id.

Upon considering C.H. Robinson's petition, Customs issued a response on September 4, 2002 finding that the violations noted in the notices did, in fact, occur. App. at 27-27. Customs, however, mitigated the amount of the liquidated damages to a total of $57,212.00. Id.. In accordance with Customs's "Mitigation Guidelines: Fines, Penalties, Forfeitures and Liquidated Damages," Customs calculated the mitigated amount of each case by calculating approximate duties of ten percent of the value of the merchandise involved in each case plus $2,500.[1] App. at

[1] Upon further review of this case, Customs has determined that the actual duty rate ranges from 16 percent to 29 percent. App. at 34. The total amount of actual duties owed on the merchandise at issue was $106,407.86. Id. Unless an accord and satisfaction of its entire claim in this matter is recognized, Customs will still have the right to demand this amount under 19 C.F.R. § 18.8(c). However, in the collection of liquidated damages, Customs was limited to a

28-33.

On September 18, 2002, C.H. Robinson filed a supplemental petition requesting that the liquidated damages be canceled. App. at 35-42. On November 20, 2003, Customs denied the supplemental petition because no new additional evidence was provided. App. at 43-46. On March 3, 2004, C.H. Robinson paid the mitigated amount of $57,212. Compl. at ¶ 9; App. at 47-49.

On June 17, 2004, C.H. Robinson filed a claim in this Court seeking a refund of the liquidated damages paid.

## SUMMARY OF ARGUMENT

This Court lacks jurisdiction to entertain C.H. Robinson's claim for a refund of the liquidated damages paid because the Court of International Trade would have exclusive subject matter jurisdiction of this type of claim pursuant to 28 U.S.C. § 1581(i), which grants the Court of International Trade exclusive jurisdiction over claims against the United States arising from the administration and enforcement of laws providing for duties.[2] Even assuming, for argument's sake, that this Court possesses jurisdiction to entertain C.H. Robinson's claim, C.H. Robinson has waived judicial review of its claim by paying a mitigated amount of the liquidated damages in accord and satisfaction of its claim pursuant to 19 C.F.R. § 172.22. Accordingly, we respectfully request that the Court dismiss the complaint for lack of jurisdiction or, in the alternative, failure to state a claim upon which relief can be granted.

---

total of $25,000 and, therefore, should not have demanded $57,212 as liquidated damages.

[2] The United States does not waive any other jurisdictional arguments that it might have before the Court of International Trade.

## ARGUMENT

### I. This Court Lacks Subject Matter Jurisdiction To Entertain C.H. Robinson's Claim

#### A. Legal Standard

Subject matter jurisdiction may be challenged at any time by the parties, by the Court sua sponte, or on appeal. Booth v. United States, 990 F.2d 617, 720 (Fed. Cir. 1993); United States v. Newport News Shipbuilding & Dry Dock Co., 933 F.2d 996, 998 n. 1 (Fed. Cir. 1991). Once jurisdiction is challenged by the court or the opposing party, the plaintiff bears the burden of establishing jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936). A plaintiff must establish jurisdiction by a preponderance of the evidence. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988); Alaska v. United States, 32 Fed. Cl. 689, 695 (1995).

When deciding a motion to dismiss based upon lack of subject matter jurisdiction, this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the plaintiff's favor. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (overruled on other grounds); see also Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995). If defendant challenges jurisdiction, however, the plaintiff cannot merely rely upon allegations in the complaint, but must instead bring forth relevant, competent proof to establish jurisdiction. McNutt, 298 U.S. at 189; see also Reynolds, 846 F.2d at 748; Catellus Dev. Corp. v. United States, 31 Fed. Cl. 399, 404-405 (1994). This Court may consider all relevant evidence in order to resolve the factual dispute, including evidentiary matters outside the pleadings. Indium Corp. of Am. v. Semi-Alloys, Inc., 781 F.2d 879, 884 (Fed. Cir. 1985).

B. The Court Of International Trade Would Possess Exclusive Jurisdiction To Entertain This Action

The Court of Federal Claims lacks jurisdiction to entertain "any civil action within the exclusive jurisdiction of the Court of International Trade." 28 U.S.C. § 1491(c). Thus, this Court must first determine whether C.H. Robinson's claim falls within the exclusive subject matter jurisdiction of the Court of International Trade. Cf. Orleans Int'l Inc. v. United States, 334 F.3d 1375, 1378 (Fed. Cir. 2003) (holding that the Court of International Trade erred by failing to first examine the exclusive nature of its jurisdiction before examining the jurisdiction of the district courts).

Congress granted the Court of International Trade "exclusive jurisdiction over certain specified actions, as enumerated in 28 U.S.C. § 1581(a) through (h), and provided a broad residual grant of jurisdictional authority in § 1581(i)." Di Jub Leasing Corp. v. United States, 1 C.I.T. 42, 505 F. Supp. 1113, 1115 (1980). "When Congress amended 28 U.S.C. § 1581 to add subsection (i) in 1980, it reiterated its purpose to grant the Court of International Trade broad exclusive jurisdiction 'over any civil action against the United States arising out of the federal statutes governing import transactions.'" Conoco, Inc. v. United States, 18 F.3d 1581, 1586 (Fed. Cir. 1994) (quoting H.R. Rep. No. 12351, at 21, reprinted in 1980 U.S.C.C.A.N. at 3729, 3732). "[C]onsistent with Congress' intent, if jurisdiction can be found to lie under the provisions of § 1581, such jurisdiction would place exclusive judicial review of the issues . . . in the Court of International Trade." Id.

Section 1581(i) grants the Court of International Trade exclusive jurisdiction to entertain claims against the United States arising out of the "administration and enforcement" of laws

providing for "revenue from imports" or "tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue." 28 U.S.C. § 1581(i). Courts have broadly interpreted section 1581(i) to allow suits against the United States in the Court of International Trade arising from the administration and enforcement of various trade laws. See United States v. United States Shoe Corp., 523 U.S. 360, 365-66 (1998) (holding that the Court of International Trade possessed jurisdiction to adjudicate exporter's claim for refund of harbor maintenance tax); Consolidated Bearings Co. v. United States, 348 F.3d 997, 1001-03 (Fed. Cir. 2003) (holding that the Court of International Trade possessed jurisdiction to adjudicate importer's challenge to Commerce's liquidation instructions); Orleans Int'l Inc., 334 F.3d at 1380 (Fed. Cir. 2003) (holding that the Court of International Trade possessed jurisdiction to adjudicate importer's claim seeking a refund of assessments it paid on importations of beef); Pac Fung Feather Co., Ltd. v. United States, 111 F.3d 114, 116-17 (Fed. Cir. 1997) (holding that the Court of International Trade possessed jurisdiction to adjudicate claim by foreign manufacturer challenging country of origin rules promulgated by Customs); Conoco, Inc., 18 F.3d at 1581 (holding that the Court of International Trade possessed jurisdiction to adjudicate claim by oil refiners challenging the imposition of conditions placed on foreign trade subzones); United States v. Bar Bea Truck Leasing Co., 713 F.2d 1563, 1566 (Fed. Cir. 1983) (holding that the Court of International Trade possessed jurisdiction to entertain disputes involving revocation of cartmen's licenses).

The Court of International Trade possesses exclusive subject matter jurisdiction to entertain a claim for liquidated damages paid pursuant to 19 C.F.R. § 18.8, because the purpose of that regulation is to administer and enforce the laws providing for duties. As a general matter,

Congress mandated that importers file documents declaring the value, classification, rate of duty, and any other information necessary to enable Customs to properly assess duties on imported merchandise. 19 U.S.C. § 1484(a)(1). Congress, however, provided an exception to this rule for merchandise that enters the United States under bond and will be exported to a foreign country. 19 U.S.C. § 1553. In accordance with this section, Customs promulgated regulations stating that the "initial bonded carrier shall be responsible for shortage, irregular delivery, or nondelivery at the port of destination or exportation of bonded merchandise received by it for carriage." 19 C.F.R. § 18.8(a). Customs further provided that the bonded carrier would be liable for payment of liquidated damages under the carriers bond as well as actual duties on the merchandise for failure to properly deliver the merchandise at the port of exportation, 19 C.F.R. §§ 18.8(b) and (c). The purpose of this regulation was to ensure that the carrier indeed exported the bonded merchandise that was claimed exempt from duties and to prevent any carriers from avoiding the payment of duties through the bonded carrier exception. It is thus apparent from the statutory and regulatory scheme that the liquidated damages assessed in this case were to ensure that the bonded carrier did not import merchandise without the payment of duties. Accordingly, the Court of International Trade would possess exclusive jurisdiction of C.H. Robinson's claim pursuant to section 1581(i).

Moreover, the mitigated amount of $57,212 that C.H. Robinson paid was calculated to include the value of duties that C.H. Robinson would have owed on the bonded merchandise. The Customs's mitigation guidelines provides that:

> [i]f the merchandise which was not delivered, delivered short or delivered directly to the consignee was not designated for Customs examination and the in-bond carrier cannot show that the

> merchandise was not entered and duties, fees, taxes and charges paid thereon . . . or that the merchandise was exported . . . the claim for liquidated damages may be canceled upon payment of an amount equal to the duties, fees, taxes and charges that would have been due on the merchandise had entry been properly made plus an amount between $300 and $2,500, depending on the presence of aggravating or mitigating factors.

App. at 32. According to this guideline, Customs calculated the mitigated amount by calculating approximate duties of 10 percent of the value of the merchandise plus $2,500 in each case. App. at 28-30. In fact, the actual duty rate that should have been assessed upon the merchandise ranges from 16 to 29 percent. App. at 34. Because C.H. Robinson has brought suit against the United States to seek a refund of the mitigated amount paid, which partially represents the duties for which C.H. Robinson was liable, this suit arises out of the administration and enforcement of laws providing for duties. Furthermore, section 18.8(c) includes an express provision for the collection of duties under which Customs could file a claim to recover the full amount of the actual duties owed in the Court of International Trade. 19 C.F.R. § 18.8(c). Accordingly, this suit arises from the administration and enforcement of laws providing for duties, and the Court of International Trade would possess exclusive jurisdiction of C.H. Robinson's claim pursuant to section 1581(i).

Nonetheless, C.H. Robinson attempts to invoke the jurisdiction of this Court by styling its claim as one for breach of contract. Compl. ¶ 14 ("By issuing and collecting liquidated damages under the terms of the bond, Customs breached the conditions of the surety bond contract."). C.H. Robinson's attempt, however, must fail. First, Customs is not a party to the bond, but only a third-party beneficiary. See Washington Int'l Ins. Co. v. United States, 16 Cl. Ct. 663, 666-67, 669-70 (1989) (in a matter involving customs bonds, the court held that the surety had no privity

of contract with the Government by virtue of the customs bonds); St. Paul Fire & Marine Ins. Co. v. United States, 21 C.I.T. 953, 959-60, 1997 WL 527944 (1997) (customs is "a third party beneficiary of the [customs] bond.").

Second, as several courts have held, "[p]laintiff cannot escape th[e] conclusion [i.e. that Court of International Trade has exclusive jurisdiction] by pleading the dispute as a breach of contract . . . ." Macrotel Int'l Corp. v. United States, 34 Fed. Cl. 98, 100 (1995); accord St. Paul Fire & Marine Insurance Co. v. United States, 959 F.2d 960, 964 (Fed. Cir. 1992) (holding that the Court of International Trade possesses jurisdiction to entertain surety's claim for refund of duties paid pursuant to a bond); Sharp Electronics Corp. v. United States, 13 C.I.T. 732, 720 F. Supp. 1014, 1015-16 (1989) (holding that the Court of International Trade possessed jurisdiction to entertain plaintiff's claim seeking to enforce a settlement agreement regarding an antidumping duty order). Indeed, the Court of International Trade has exercised its exclusive jurisdiction in a similar case where plaintiff has alleged that Customs has materially breached the customs bond. See Old Republic Ins. Co. v. United States, 10 C.I.T. 589, 645 F. Supp. 943, 952 (1986). C.H. Robinson, thus, cannot avoid the exclusive jurisdiction of the Court of International Trade to entertain its claim for a refund of the liquidated damages paid by styling its claim as one for breach of contract.

Accordingly, there is no contractual basis for the Court's jurisdiction, and C.H. Robinson has failed to cite to a money-mandating provision that would enable this Court to exercise jurisdiction over its claim. Even if it had, this Court's jurisdiction still would be precluded by the exclusive jurisdiction of the Court of International Trade. The Tucker Act makes clear that this Court does not possess jurisdiction to entertain "any civil action within the exclusive jurisdiction

of the Court of International Trade." 28 U.S.C. § 1491(b). Accordingly, C.H. Robinson's complaint is subject to dismissal for lack of jurisdiction.

## II. C.H. Robinson Has Failed To State A Claim Upon Which Relief Can Be Granted Because C.H. Robinson Has Waived Its Right To Judicial Review

### A. Legal Standard

In considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, this Court will grant dismissal only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957), quoted in B & F Trawlers, Inc. v. United States, 27 Fed. Cl. 299, 302 (1992); Kinne v. United States, 21 Cl. Ct. 104, 107 (1990). In making this decision, the Court will accept the factual allegations set forth in the complaint as true. E.g., Papasan v. Allain, 478 U.S. 265, 283 (1986); B & F Trawlers, 27 Fed. Cl. at 302; Marshall v. United States, 21 Cl. Ct. 497, 499 (1990). The Court, however, should not place any weight upon any assertions in the complaint other than allegations of fact, since "legal conclusions, deductions, or opinions couched as factual allegations are not given a presumption of truthfulness." Rochman v. United States, 27 Fed. Cl. 162, 168 (1992).

### B. Payment Of A Mitigated Amount Constituted Accord And Satisfaction

C.H. Robinson has failed to state a claim upon which relief can be granted because it has waived its right to judicial review by paying a mitigated amount of the liquidated damages assessed. The regulations existing at the time of payment stated that "[p]ayment of a mitigated or cancellation amount in compliance with an administrative decision on a petition or supplemental petition for relief will be considered an election of administrative proceedings and full

disposition of the case" and will "act as an accord and satisfaction of the Government claim." 19 C.F.R. § 172.22(b). Accordingly, C.H. Robinson knowingly waived its right to judicial review of Customs's administrative decision by paying the mitigated amount.

"A claim is discharged by the doctrine of accord and satisfaction when 'some performance different from that which was claimed as due is rendered and such substituted performance is accepted by the claimant as full satisfaction of his claim." O'Connor, et al., v. United States, 308 F.3d 1233, 1240 (Fed. Cir. 2002) (quoting Case, Inc. v. United States, 88 F.3d 1004, 1011 n. 7 (Fed. Cir. 1996). "A valid accord and satisfaction requires four elements: (1) proper subject matter; (2) competent parties; (3) a meeting of the minds of the parties; and (4) consideration." Id. (citing Brock and Blevins Co. v. United States, 170 Ct. Cl. 52, 343 F.2d 951, 955 (1965)).

In Trayco, Inc. v. United States, 994 F.2d 832 (Fed. Cir. 1993), plaintiff petitioned Customs for relief from the assessment of penalties, received a decision on the petition, paid the mitigated amount under protest, and thereafter filed suit in this Court to recover the amount paid. 994 F.2d at 835. This Court held that payment of the mitigated amount did not constitute accord and satisfaction because there was no meeting of the minds. Id. at 839. The regulations existing at that time required plaintiff to pay the mitigated amount before Customs would accept its second supplemental petition. Id. Plaintiff therefore accompanied its payment with a letter expressly reserving its rights to judicial review. Id. Under these circumstances, the Court agreed with plaintiff that there was no meeting of the minds. Id. The Court especially noted that there was "nothing in the statute or regulations giv[ing] notice that a party may relinquish its rights to judicial review by paying a mitigated penalty and filing a second supplemental petition." Id.

Following issuance of the court's decision in Trayco, Customs amended its regulation to make clear that payment of a mitigated amount would constitute an accord and satisfaction. 65 Fed. Reg. 53565, at 53567 ("Customs proposed to amend the regulations to eliminate this regulatory gap and provide that any payment made in compliance with a mitigation decision will act as an accord and satisfaction where the paying party has elected to resolve the case through the administrative process and has waived the right to sue for a refund."). The amended regulation provides:

> Payment of a mitigated amount or cancellation amount as accord and satisfaction. Payment of a mitigated or cancellation amount in compliance with an administrative decision on a petition or supplemental petition for relief will be considered an election of administrative proceedings and full disposition of the case. Payment of a mitigated or cancellation amount will act as an accord and satisfaction of the Government claim. Payment of a mitigated or cancellation amount will never serve as a bar to filing a supplemental petition for relief.

19 C.F.R. § 172.22(b). Because C.H. Robinson had notice that payment of a mitigated amount would constitute accord and satisfaction, C.H. Robinson knowingly waived its right to judicial review. Accordingly, this Court may not entertain C.H. Robinson's claim for refund of the liquidated damages.

## **CONCLUSION**

For these reasons, we respectfully request that the Court dismiss plaintiff's complaint for lack of subject matter jurisdiction or, in the alternative, failure to state a claim upon which relief can be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Patricia M. McCarthy

PATRICIA M. McCARTHY
Assistant Director

s/ Nancy M. Kim

NANCY M. KIM
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 307-0361
Fax: (202) 514-7965

Attorneys for Defendant

OF COUNSEL:

Andrew S. Kosegi
Customs And Border Protection
Department of Homeland Security

October 6, 2004