# UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **C. H. ROBINSON INTERNATIONAL,**<br>**Plaintiff,**<br>**v.**<br>**THE UNITED STATES,**<br>**Defendant.** | **Court No. 04-1021C** |

## AMENDED COMPLAINT

Pursuant to Rules 3 and 7 of the Rules of the United States Court of Federal Claims, plaintiff C. H. Robinson International ("C. H. Robinson"), by and through its undersigned attorneys, hereby alleges and states as follows:

## CAUSE OF ACTION

1. This action contests the imposition of a demand for liquidated damages pursuant to 19 C.F.R. § 18.8. by United States Customs and Border Protection ("Customs"), Department of Homeland Security. The claim alleges that plaintiff breached the terms of a "Transportation & Exportation" (T&E) Customs bond which was used to transport certain foreign-origin garments imported at Port of Los Angeles/Long Beach, California to Laredo, Texas, the port of exportation.

## JURISDICTION

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1491(a)(1), which

authorizes suit respecting any claim against the United States founded upon any Act of Congress or any regulation of an executive department. Plaintiff has exhausted all administrative remedies available with respect to its claim.

## STANDING

3. Plaintiff is the principal under a Customs Transportation and Exportation (T&E) custodial carrier bond numbered 459900350 issued by Washington International Insurance Company. Plaintiff was accused of breaching the terms and conditions of the bond, in violation of 19 C.F.R. § 18.8 and was assessed with liquidated damages under that bond. Plaintiff paid the liquidated damages claimed, in the total amount of $57,212.00, and now seeks return of those monies. Plaintiff is therefore is the real party in interest and has standing to bring this action.

## STATEMENT OF FACTS

4. In December, 2001, three shipments of wearing apparel were entered at the Port of Los Angeles, California, under cover of three (3) Customs Form 7512 Transportation & Exportation entries numbered 609203744, 609203873, and 609203862. The importer identified on each of the T&E entries was Trans-Union Group Inc./Intercambio Comercial PKIM S.A.

5. Plaintiff was identified on the entry documents as the carrier, and was contracted to transport the goods from the Port of Los Angeles/Long Beach, California, to the Port of Laredo, Texas, at which point the goods would be exported to Nuevo Laredo, Mexico. Plaintiff's performance of its obligations as carrier for the subject entries was covered by Customs term bond

459900350, issued by Washington International Insurance Company, in the amount of $25,000.

6. The merchandise contained in each of the three T&E entries was transported to the Port of Laredo, Texas, and was exported to Texas on January 17, 2002.

7. In April, 2002, Customs issued to plaintiff three (3) demands for payment of liquidated damages under the terms of the Custodial bond. These demands alleged irregular delivery of the merchandise covered by the T&E entries identified in paragraph 4 of this Complaint, in violation of 19 C.F.R. § 18.8. Each claim was in the amount of $25,000, for an aggregate claim against plaintiff totaling $75,000.00, even though the maximum aggregate claim pursuant to the T&E bond was $25,000.00. The claims for liquidated damages alleged that the Mexican *pedimentos* (Customs entries) provided as proof of exportation of the wearing apparel were false.

8. In accordance with 19 U.S.C. §1618, plaintiff petitioned for remission or mitigation of the claims for liquidated damages. Plaintiff was unaware that the maximum aggregate claim was $25,000.00. Customs denied this petition by letter dated September 4, 2004.

9. On September 18, 2002, plaintiff filed a supplemental petition for remission or mitigation of the claims for liquidated damages. By letter dated November 20, 2003, Customs officials at Laredo, Texas mitigated the claims for liquidated damages to the aggregate amount of $57,212.00, stating as follows:

> . . . the Claims for Liquidated Damages are hereby cancelled upon payment in (sic) the sums cited below. This action is taken under the

authority conferred in 19 CFR 172.42.

| **CASE NUMBER** | **ASSESSED AMOUNT** | **MITIGATED AMOUNT** |
|---|---|---|
| 2002-2304-2-00950 | $25,000.00 | $24,230.00 |
| 2002-2304-2-01028 | $25,000.00 | $20,634.00 |
| 2002-2304-2-01029 | $25,000.00 | $12,348.00 |
| **TOTAL** | | $57,212.00 |

Customs indicated that if the mitigated amount of liquidated damages was not promptly paid, the result would be "the appropriate action taken for collection of the full liabilities incurred."

10. Plaintiff paid the mitigated damages amount of $57,212.00 demanded by Customs, without admitting that it had breached the Customs bond. Neither party was aware that the maximum aggregate claim was $25,000.00.

**COUNT I**

11. Paragraphs 1 through 10 of this Complaint are incorporated by reference as if fully set forth herein.

12. 19 C.F.R. § 18.8 provides, in pertinent part, that:

> (a) The initial bonded carrier shall be responsible for shortage, irregular delivery, or nondelivery at the port of destination or exportation of bonded merchandise received by it for carriage. An acceptable proof of proper delivery of bonded merchandise to Customs at the port of destination or exportation is a properly receipted copy of the in-bond document (the appropriate Customs

> Form 7512 or 7520, or the carnet). When sealing is waived, any loss found to exist at the port of destination or exportation shall be presumed to have occurred while the merchandise was in the possession of the carrier, unless conclusive evidence to the contrary is produced.

13. The merchandise covered by the subject T&E entries was in fact exported to Mexico on January 17, 2002. The exportation of the merchandise was demonstrated to Customs through submission of stamped copies off the Customs Form 7512 transportation entry forms, the entry log maintained by the Mexican customs broker who handled the importation of the wearing apparel into Mexico, and other evidence.

14. Because plaintiff fulfilled the requirements of 19 C.F.R. § 18.8, Customs improperly issued demands for liquidated damages.

15. Customs' demands for liquidated damages were issued in violation of the terms of the Customs custodial term bond which plaintiff had posted to secure performance of the legal and regulatory conditions attendant to the Transportation & Exportation entries. By issuing and collecting liquidated damages under the terms of the bond, Customs breached the conditions of the surety bond contract.

**COUNT II**

16. Paragraphs 1 through 10 of this Complaint are incorporated by reference as if fully set forth herein.

17. The total value of the surety bond carried by plaintiff was $25,000.00 which signified the full extent of their liability with regard to the three subject entries carried under the T&E bond. Neither plaintiff nor defendant was aware that the maximum claim Customs had the authority to levy upon any alleged violation was $25,000.00.

18. Any accord and satisfaction reached between the parties when plaintiff paid the mitigated penalty amount of $57,212.00 was based on mutual mistake of the amount of the maximum penalty amount allowable of $25,000.00.

19. Because of the mutual mistake underlying the mitigated payment of $57,212.00, any accord and satisfaction is voided and should be rescinded as a matter of law.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully prays that this Court enter judgment in its favor, finding that Customs has breached the terms of plaintiff's term bond, and that the assessment and collection of liquidated damages with respect to the entries at bar was unlawful; directing defendant to refund to plaintiff the sum of $57,212.00 in liquidated damages paid; and providing plaintiff with such further and additional relief as this Court may deem just.

Respectfully submitted,

s/ Curtis W. Knauss

Curtis W. Knauss*
John M. Peterson
Neville Peterson LLP
Counsel for Plaintiff C.H. Robinson International
17 State Street, Suite 1900
New York, NY 10004
212-635-2730

Dated: April 20, 2005

* Counsel of Record