IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| C.H. ROBINSON INTERNATIONAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1021C |
| | ) | (Chief Judge Damich) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER TO THE AMENDED COMPLAINT**

For its answer to the amended complaint, defendant, admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute plaintiff's characterization of the case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. The allegations contained in paragraph 2 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

3. Admits the allegations contained in the first sentence of paragraph 3 to the extent supported by the document cited, which is the best evidence of its contents. Admits the allegations in the second and third sentences of paragraph 3. The allegations contained in the last sentence of paragraph 3 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

4. Admits the allegations contained in paragraph 4 to the extent supported by the documents cited, which are the best evidence of their contents.

5. Admits the allegation contained in the first sentence of paragraph 5 that "[p]laintiff was identified on the entry documents as the carrier" to the extent supported by the

document cited, which is the best evidence of its contents. Denies the remaining allegations contained in the first sentence of paragraph 5 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Denies the allegations contained in the second sentence of paragraph 5.

6. Denies the allegations contained in the first sentence of paragraph 6 that the merchandise was transported to the Port of Laredo, Texas for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Denies the remaining allegations contained in paragraph 6 that the merchandise was exported to Mexico.[1]

7. Admits the allegations contained in paragraph 7 to the extent supported by the documents cited, which are the best evidence of their contents.

8. The allegations contained in the first sentence of paragraph 8 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the second sentence of paragraph 8 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Denies the allegations contained in the third sentence of paragraph 8.

9. Admits the allegations in the first sentence of paragraph 9. Admits the remaining allegations in paragraph 9 to the extent supported by the document cited, which is the best evidence of its contents.

10. Admits only that“[p]laintiff paid the mitigated damages amount of $57,212.00." Denies the remaining allegations in paragraph 10.

---

[1] Paragraph 6 of the complaint alleges that the merchandise was exported to Texas in error.

11. Defendant incorporates its answers to paragraphs 1 through 10 above as if fully set forth herein.

12. The allegations contained in paragraph 12 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

13. Denies.

14. Denies.

15. Denies.

16. Defendant incorporates its answers to paragraphs 1 through 10 above as if fully set forth herein.

17. Admits only that the "total value of the surety bond carried by plaintiff was $25,000." Denies the remaining allegations contained in paragraph 17.

18. Denies.

19. Denies.

20. Denies that plaintiff is entitled to relief set forth in the prayer for relief immediately following paragraph 19, or to any relief whatsoever.

21. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSES

1. Accord and satisfaction.

2. Waiver.

3. Estoppel.

4. Voluntary tender.

5. Setoff of duties owed on the alleged merchandise.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Patricia M. McCarthy

PATRICIA M. McCARTHY
Assistant Director

s/ Nancy M. Kim

NANCY M. KIM
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 353-0546
Fax: (202) 514-7965

Attorneys for Defendant

OF COUNSEL:

ANDREW S. KOSEGI
U.S. Customs And Border Protection
Department of Homeland Security

May 31, 2005