IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| C.H. ROBINSON INTERNATIONAL,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 04-1021C<br>(Chief Judge Damich) |

## JOINT PRELIMINARY STATUS REPORT

Pursuant to Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiff and defendant respectfully submit the following joint preliminary status report:

a. Jurisdiction

Plaintiff states that the Court has jurisdiction to consider and decide this action pursuant to 28 U.S.C. § 1491. Defendant contends that this Court lacks jurisdiction to entertain plaintiff's claim and reserves its right to appeal this Court's holding in its March 31, 2005 opinion that it possesses jurisdiction to entertain plaintiff's claim.

b. Consolidation

The parties agree that this case should not be consolidated with any other case.

c. Bifurcation

The parties agree that this case should not be bifurcated.

d. Deferral

Plaintiff believes that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

Defendant states that proceedings in this case should be deferred, because it issued a demand for duties on the merchandise at issue. If plaintiff refuses to pay these duties, the Government could bring a claim in the Court of International Trade for duties pursuant to 19 U.S.C. § 1592(d). The Court of International Trade possesses exclusive jurisdiction to entertain claims for customs duties pursuant to 28 U.S.C. § 1582. Because, in both cases, the courts would have to address whether the merchandise at issue was exported, there arises a possibility of inconsistent results. Defendant would especially request this Court to stay proceedings in this case to allow the possibility the Court of International Trade may exercise its considerable expertise and decide in the first instance whether the merchandise at issue was exported to Mexico or remained in the United States.

e. Remand/Suspension

The parties agree that no remand or suspension will be sought.

f. Joinder

The parties agree that no additional parties will be joined.

g. Dispositive Motions

At this time, the parties cannot state whether dispositive motions will be filed. After discovery has been completed, the parties may submit cross-motions for summary judgment pursuant to RCFC 56.

h. Relevant Issues

1. Whether C.H. Robinson provided proper documentation to the United States Customs and Border Protection ("Customs") showing that the merchandise at issue was exported to Mexico.

2. Whether the merchandise at issue was exported to Mexico or remained in the United States.

3. Whether Customs was entitled to assess liquidated damages against C.H. Robinson for non-delivery pursuant to 19 C.F.R. § 18.8.

4. Whether the Government is entitled offset the amount of duties C.H. Robinson owes on the merchandise at issue.

i. Settlement

The parties anticipate pursuing settlement negotiations upon an informal basis as the litigation progresses.

j. Trial

As stated above, after discovery has been completed, the parties may submit cross-motions for summary judgment pursuant to RCFC 56. If dispositive motions are not submitted, or if they are not completely dispositive of this action, the parties anticipate proceeding to trial. At this time, the parties do not request expedited trial scheduling.

k. Electronic Case Management

Parties have no special issue regarding electronic case management needs.

l. Additional Information

There is no additional information of which the Court should be aware at this time.

m. Proposed Discovery Plan

The parties intend to conduct simultaneous discovery through interrogatories, requests for admission, requests for production of documents, and depositions. Defendant states that discovery proceedings should be stayed until the Court of International Trade determines whether

the merchandise at issue was exported. If proceedings are not stayed, the parties propose that the discovery period be closed six months after the date of the Court's scheduling order.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Patricia M. McCarthy

PATRICIA M. MCCARTHY
Assistant Director

s/ Curtis W. Knauss

CURTIS W. KNAUSS
JOHN M. PETERSON
Neville Peterson LLP
17 State Street, Suite 1900
New York, NY 10004
(212) 635-2730

Attorney for Plaintiff

s/ Nancy M. Kim

NANCY M. KIM
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Classification Unit, 8th Floor
Washington, D.C. 20530
Tel: (202) 353-0546
Fax: (202) 514-7965

Attorneys for Defendant

July 22, 2005